**CINCINNATI (City), Plaintiff-Appellant, v. MEIER et, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7506. Decided December 10, 1951.

Henry M. Bruestle, Frank Shafer, James W. Farrell, Jr., Cincinnati, for plaintiff-appellant.

Paxton & Seasongood, Thomas M. Stanton, Cincinnati, for defendants-appellees.

## OPINION

By MATTHEWS, J.:

This is an appeal from an order entered on July 27th, 1951, by the Municipal Court of Cincinnati, dismissing a proceeding in aid of execution and releasing the garnishee. The notice of appeal was filed on August 7th, 1951. Thereafter, on September 14th, 1951, on the motion of the plaintiff the Court made an order in which it was recited that the entry of July 27th, 1951, did not correctly set forth the decision of the court and that the actual finding and decision of the court was as follows:

"This matter came on to be heard on the Motion of the Central Trust Co., garnishee herein, to discharge the attachment and release the garnishee and on stipulation of Counsel filed herein and was argued by Counsel, upon consideration whereof the Court finds that the garnishee is not holding any property of the defendant, Charles Meier, which is subject to garnishment and that therefore the attachment should be discharged and the garnishee released.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Central Trust Co., the garnishee herein, is hereby released and the attachment discharged.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this entry be journalized Nunc Pro Tunc as of July 27, 1951, to replace the judgment entry of said date."

It is readily observed that so far as the orders are concerned, the two entries are identical.

No appeal was taken from this order.

The only difference in verbiage of the entries is that in the later entry the court set forth the proceedings and findings upon which the order was made including a recital that the Motion to discharge came on to be heard "on stipulation of Counsel filed herein." The court ordered this entry of September 14th journalized nunc pro tunc as of July 27th, 1951 "to replace the judgment entry of said date."

So far as we are informed, the only purpose of the nunc pro tunc entry was to show that the cause came on to be heard on the stipulation of counsel filed in the cause. We are not advised as to the importance of this recital unless it was intended to use it and the stipulation as a substitute for a bill of exceptions, as provided in §11571 GC. The recital in this entry fails to satisfy the requirements of that section. The judgment entry does not show that the case was "tried on an agreed statement of facts" as required by that section, nor is there any agreed statement filed with the papers in the case as also required by that section.

We have been furnished with a "stipulation" and have been told that it is the stipulation referred to in the nunc pro tunc entry, but there is no filing mark on it and the transcript of the docket and journal entries fails to show the filing of any stipulation. We are not permitted to consider this stipulation as a part of the record in this case. However, our examination of the stipulation has caused us to conclude that if we were so permitted, our conclusion would be the same.

This stipulation recites that a certain trust agreement, a copy of which is set forth, was all the evidence introduced at the trial. It is dated August 16th, 1949, and recites that cash and bonds listed in "Schedule A" were delivered to the garnishee to hold in trust for the judgment debtor. No schedule was attached to the stipulation. We, therefore, do not know what, if any, property was delivered to the garnishee-trustee, upon which the trust agreement could operate, or what remained in the trust at the time the notice of garnishment was served upon it. In the absence of any evidence of the existence of a trust fund or of the trustee's duties with relation to any existing fund, no order should or could be made directing the trustee as to the disposition of any such fund.

Assuming existence of the trust fund, it was argued by the appellant that notwithstanding the title of the judgment debtor thereto was equitable, it could be subjected to an order in this ancillary proceeding, authorizing and justifying, but not compelling the trustee-garnishee to pay, and that this

order would require the trustee-garnishee to decide at its peril whether to comply, and, further that the judgment creditor has the right to use the proceeding in aid as a means of discovery of assets, even though assets discovered could not be subjected to the judgment in the proceeding.

On the other hand, the trustee-garnishee contended that if the trustee is amenable to any process to subject assets in its hands to a judgment against the cestui, it is only in a plenary action under the provisions of §11760 GC, or a creditor's bill in accordance with the usage and practice in chancery. The record suggests these interesting questions, but furnishes no basis for an application of them. There is no suggestion that any limitation was imposed upon the inquiry into the property of the judgment debtor as was the case in **Peoples Bank and Savings Co. v. Katz, et al., 146 Oh St, 297,** and, as already shown, the evidence is insufficient to support any kind of an order.

No error appears in the record.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.